IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA VANDERVELDEN, <br><br> Plaintiff, <br><br> v. <br><br> SAINT LOUIS UNIVERSITY, <br><br> Defendant, <br><br> ——————————————— <br><br> SAINT LOUIS UNIVERSITY, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Third-Party Defendant. | Case No. 3:19-CV-769-NJR-GCS |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Remand or, in the alternative, Motion to Sever and Consolidate or Strike as Redundant, and Decline Supplemental Jurisdiction Over, Plaintiff's Illinois State Medical Malpractice Claims filed by Plaintiff Lisa Vandervelden (Doc. 12). Also pending is a Motion to Consolidate filed by Defendant Saint Louis University (SLU) (Doc. 19). For the reasons set forth below, Vandervelden's motion is denied, and SLU's motion is granted.

**I.     Motion to Remand or Alternative Motion to Sever and Consolidate or Strike**

Plaintiff Lisa Vandervelden initially filed this state law medical malpractice

lawsuit against SLU and its agents[1] in the Circuit Court of St. Clair County, Illinois, in October 2018. On June 21, 2019, SLU filed a third-party complaint against the United States and its agents in the state court action, leading the United States to then remove the entire case to federal court (Doc. 1).

Vandervelden now seeks to remand this case because the United States failed to file a copy of "all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Notably, Vandervelden argues, the United States failed to file a copy of SLU's third-party complaint—the basis for federal removal jurisdiction. Thus, she asserts, the entire case should be remanded because the pleading failed to demonstrate how jurisdiction is proper in this Court.

Since the filing of Plaintiff's motion, however, SLU has filed an amended third-party complaint, so the record now adequately reflects the basis for the Court's subject matter jurisdiction. Accordingly, the Court rejects Vandervelden's argument that the case should be remanded due to a procedural shortcoming.

Alternatively, Vandervelden asks the Court to sever SLU's third-party action against the United States from her medical malpractice claim against SLU because SLU's contribution claims are "discrete and separate from" her medical malpractice claims. She then asks the Court to consolidate SLU's third-party action against the United States with 3:18-CV-1333-NJR-GCS, to decline to exercise supplemental jurisdiction over the remaining state court malpractice claim against SLU, and to remand the state court

---

[1] Vandervelden has since filed an Amended Complaint in this Court naming only SLU as a defendant. SLU notes that the Amended Complaint, on its own, would create diversity jurisdiction given the dismissal of the diversity-defeating individual defendants. This argument was not developed by SLU, however, so the Court does not address this point further.

malpractice claim.

The Seventh Circuit has held that a district court may sever claims under Rule 21 of the Federal Rules of Civil Procedure, creating two separate proceedings, if the two claims are "discrete and separate." *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006). "In other words, one claim must be capable of resolution despite the outcome of the other claim." *Id.*

Here, the Court cannot say the two claims are "discrete and separate." As previously noted by this Court in one of her related cases, Vandervelden has alleged that SLU employees deviated from the standard of care while under the supervision of employees of the United States. Thus, SLU's third-party action for indemnity and contribution shares a common question of law or fact with Vandervelden's medical malpractice claims against SLU and the United States, making severance improper. *See* Case No. 3:18-cv-1333-NJR-GCS, Doc. 25. Accordingly, the Court declines to sever SLU's third-party action.

Finally, the Court denies Vandervelden's motion to strike SLU's third-party action as duplicative of its claim pending in Case No. 3:18-CV-1333-NJR-GCS. SLU notes that it filed the third-party complaint in the state court action in order to preserve its contribution rights under the Illinois Contribution Act. SLU has further indicated that, if this case is consolidated with 18-CV-1333, it intends to non-suit the third-party complaint in that action, as it names individual physicians who have since been certified as government employees pursuant to 28 U.S.C. § 2679. Accordingly, the Court finds no reason to strike SLU's third-party action for contribution at this time.

## II. Motion to Consolidate

On August 28, 2019, SLU filed a motion to consolidate this case with Case No. 18-CV-1333, as both cases involve common questions of law or fact. Because the same motion filed by SLU has now been granted in 18-CV-1333, the Motion to Consolidate (Doc. 19) is **DENIED as moot**.

For these reasons, the Motion to Remand or, in the alternative, Motion to Sever and Consolidate or Strike as Redundant, and Decline Supplemental Jurisdiction Over, Plaintiff's Illinois State Medical Malpractice Claims filed by Plaintiff Lisa Vandervelden (Doc. 12) is **DENIED**.

The Motion to Consolidate filed by Defendant Saint Louis University (Doc. 19) is **DENIED as moot**.

Finally, the Motion to Withdraw filed by the United States, within which the United States seeks to withdraw its Motion to Dismiss (Doc. 6), is **GRANTED**, and the Motion to Dismiss is **WITHDRAWN**.

**IT IS SO ORDERED.**

DATED: October 18, 2019

                                                        *Nancy J. Rosenstengel*
                                            **NANCY J. ROSENSTENGEL**
                                            **Chief U.S. District Judge**